IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRICEPLAY.COM, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>AOL INC. and AOL ADVERTISING, INC.<br><br>　　　　　Defendants. | C.A. No. 14-92-RGA<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Priceplay.com, Inc. ("Priceplay") files this amended Complaint for patent infringement against AOL Inc. and AOL Advertising, Inc. (collectively "AOL" or "Defendants"), and alleges as follows:

### THE PARTIES

1.　Priceplay is a Delaware corporation with a principal place of business at 42 Corporate Park #250 Irvine, California 92606.

2.　On information and belief, AOL, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 770 Broadway, New York, New York 10003. AOL may be served in Delaware through its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.　On information and belief, AOL Advertising, Inc. is a corporation organized and existing under the laws of the state of Maryland, with its principal place of business at 770 Broadway, New York, New York 10003.　AOL Advertising, Inc. may be served in Maryland

through its registered agent for service of process, CSC-Lawyers Incorporatiing Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendant AOL, Inc. is incorporated under the laws of the State of Delaware; (2) Defendants have committed acts of patent infringement and induced acts of patent infringement by others in this District and in Delaware; (3) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District and in Delaware; and (4) Defendants have purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into Court here.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant AOL, Inc. is incorporated under the laws of the State of Delaware, Defendants AOL, Inc. and AOL Advertising, Inc. do business in Delaware, and Defendants have committed acts of infringement in Delaware and in this District.

## THE ASSERTED PATENTS

7. On November 1, 2011, the United States Patent and Trade Office ("USPTO") duly and legally issued U.S. Patent No. 8,050,982 ("the '982 patent"), entitled "Systems and Methods for Transacting Business over a Global Communications Network such as the Internet,"

to Wayne W. Lin.  A true and correct copy of the '982 patent is attached as Exhibit A.  Priceplay is the owner by assignment of the '982 and holds all rights and interest in that patent.

8. On July 23, 2013, the USPTO duly and legally issued U.S. Patent No. 8,494,917 ("the '917 patent"), entitled "Systems and Methods for Transacting Business over a Global Communications Network such as the Internet," to Wayne W. Lin.  A true and correct copy of the '917 patent is attached as Exhibit B.  Priceplay is the owner by assignment of the '917 and holds all rights and interest in that patent.

9. The '982 and '917 are collectively referred to as the "Asserted Patents."

## FACTUAL BACKGROUND

10. In the mid-1990's commerce over the Internet, or "e-commerce," was in its early stages.  Many merchants had begun expanding into e-commerce hoping to attract some of the seemingly endless source of potential buyers. In fact, many new businesses offered their products and services solely via e-commerce. Some e-commerce merchants provided traditional transaction methods: the seller would offer a specified product at a specified price, and the buyer would "buy" the product by performing a required set of tasks acknowledging the formation of a binding buy-sell contract. This occurred, for instance, at Amazon.com which began as an on-line book seller, but later expanded into other fields such as music and videos.

11. Various e-commerce business models afforded certain advantages and disadvantages, but they all had the common goal of attracting as many customers as possible, ultimately to lead to more transactions and hence more profit for the companies employing the models. As such, they all focused in one way or another on factors typically considered important by potential buyers—namely price and convenience.

12. Ultimately, Wayne Lin, the inventor of the Asserted Patents, discovered that e-commerce merchants could engage in controlled interaction with potential buyers via an Internet website; specifically, such potential buyers could be attracted if they were allowed to engage in an interactive competitive/entertaining collateral price-determining activity ("competitive activity") which determines the price of the product or service to be secured, depending on the buyer's performance in the competitive activity.

13. Wayne Lin also discovered that potential buyers could also be attracted if they were allowed to engage in an interactive bidding auction in combination with the interactive competitive activity.

14. Wayne Lin's inventions were disclosed in U.S. Patent No. 6,978,253 ("the '253 patent"), which has been cited by the USPTO in eight later patents (applicants include International Business Machines Corporation, Siemens Power Transmission & Distribution, Inc., and Onforce, Inc.) and one currently pending application.

15. Various embodiments of Wayne Lin's inventions have been adopted by numerous e-commerce leaders since their disclosure in the '253 patent.

16. Priceplay practices the inventions claimed in the '982 and '917 patents. Four Priceplay researchers continuously test and refine the systems and methods claimed in those patents to improve ecommerce, both for merchants and customers.

17. Priceplay itself practices specific embodiments of the claimed invention. Priceplay develops software systems allowing any ecommerce company to provide an interactive pricing system, specifically, systems in which the price of a product or a service can be lowered based on a buyer's action in a particular activity. An example of such system can be seen on www.priceplay.com.

18.     AOL, Inc. infringes the inventions claimed in the '982 and '917 patents, at least through its wholly owned subsidiary AOL Advertising, Inc., by selling ad space to e-commerce merchants via a system and a method which combine an interactive competitive activity and interactive bidding, at least as described in Exhibit C.

### COUNT I – INFRINGEMENT OF THE '982 PATENT

19.     Paragraphs 1 through 18 are incorporated herein by reference.

20.     The '982 patent is valid and enforceable.

21.     AOL has infringed and continues to infringe at least claims 1 and 7 of the '982 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by operating an interactive e-commerce system or performing an interactive e-commerce process within the United States that is covered by the claims of the of the '982 patent.

22.     On information and belief, AOL has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent.

23.     AOL has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent, since at least January 22, 2014 by virtue of the original Complaint filed on January 22, 2014.

24.     Priceplay has been and continues to be damaged by AOL's infringement of the '982 patent.  On information and belief, a reasonable royalty for infringement of the '982 patent would be at least 10% of AOL's quarterly ad revenue of approximately $386 million.

25.     AOL's infringement of the '982 patent has been and continues to be willful.

26.     AOL's infringement of the '982 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '917 PATENT

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. The '917 patent is valid and enforceable.

29. AOL has infringed and continues to infringe at least claims 1, 7 and 13 of the '917 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by operating an interactive e-commerce system or performing an interactive e-commerce method within the United States that is covered by the claims of the of the '917 patent.

30. On information and belief, AOL has had knowledge and notice of the '917 patent, as well as of its own infringement of the '917 patent.

31. AOL has had knowledge and notice of the '917 patent, as well as of its own infringement of the '917 patent, since at least January 22, 2014 by virtue of the original Complaint filed on January 22, 2014.

32. Priceplay has been and continues to be damaged by AOL's infringement of the '917 patent. On information and belief, a reasonable royalty for infringement of the '917 patent would be at least 10% of AOL's quarterly ad revenue of approximately $386 million.

33. AOL's infringement of the '917 patent has been and continues to be willful.

34. AOL's infringement of the '917 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Priceplay.com, Inc. prays for judgment as follows:

A. That AOL has infringed each of the Asserted Patents;

B. That Priceplay be awarded all damages adequate to compensate it for AOL's infringement of the Asserted Patents, such damages to be determined by a jury and an accounting, if necessary, to compensate adequately Priceplay for the infringement;

C. That the damages awarded to Priceplay be trebled, pre-judgment and post-judgment interest;

D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Priceplay be awarded its attorney fees, costs and expenses incurred in connection with this case; and

E. That Priceplay be awarded such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Priceplay.com, Inc. hereby demands a trial by jury on all issues so triable.

Date: April 22, 2014

OF COUNSEL:

Scott M. Daniels
Darrin A. Auito
WESTERMAN HATTORI DANIELS & ADRIAN
1250 Connecticut Avenue, NW.
Suite 700
Washington, D.C. 20036
(202) 822-1100
sdaniels@whda.com
dauito@whda.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Priceplay.com, Inc.*