## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRICEPLAY.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 14-92-RGA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AOL INC. and AOL ADVERTISING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AOL INC.'S
## <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant AOL Inc. respectfully moves to dismiss the claims asserted against it.

## INTRODUCTION

This case is a patent dispute. Plaintiff Priceplay.com Inc. alleges that Defendant AOL Advertising, Inc. ("AOL Advertising"), a subsidiary of AOL Inc., has infringed two patents. The Amended Complaint, however, contains no allegations supporting an infringement claim against the parent company, AOL Inc. The Amended Complaint does not identify any activity of AOL Inc. that allegedly infringes the patents.

Plaintiff's sole allegation is that AOL Inc. infringes "through" AOL Advertising. Amended Complaint (D.I. No. 7) (hereinafter, "Am. Compl.") ¶ 18. But that fails as a matter of law. It is axiomatic that the mere ownership of a subsidiary does not render the parent liable for the acts of its subsidiary. The Amended Complaint does not identify—much less plead facts in support of—any theory under which AOL Inc. could be liable for AOL Advertising's alleged infringement. Accordingly, the Amended Complaint fails to state a claim against AOL Inc.

## BACKGROUND

Plaintiff asserts U.S. Patent Nos. 8,050,982 and 8,494,917 (collectively, the "Asserted Patents") against AOL Inc. and AOL Advertising. Am. Compl. ¶¶ 7-9, 18. The Asserted Patents are both titled "Systems and Methods for Transacting Business over a Global Communications Network such as the Internet." *Id.*, Exs. A, B.

The Amended Complaint asserts two counts (one for each patent) alleging direct infringement under 35 U.S.C. § 271(a). *Id.* ¶¶ 21, 29. There is no claim for indirect infringement. The Amended Complaint contains a single allegation describing the alleged infringement:

> AOL, Inc. infringes the inventions claimed in the [Asserted Patents] at least through its wholly owned subsidiary AOL Advertising, Inc., by selling ad space to e-commerce merchants via a system and a method which combine an interactive competitive activity and interactive bidding, at least as described in Exhibit C.

*Id.* ¶ 18. Exhibit C contains additional information concerning AOL Advertising's allegedly infringing activities. *See id.*, Ex. C.

Plaintiff alleges no other facts as to infringement by AOL Inc.

## ARGUMENT

A complaint must contain enough facts for a court to infer that the defendant is liable for the alleged misconduct. Federal Rule of Civil Procedure 8(a)(2) requires a statement of the claim "showing that the pleader is entitled to relief." Such statements "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Federal Circuit has explained that this requirement is consistent with the model patent complaint contained in Form 18 in the Federal Rules: "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of

infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also id.* at 1286 ("The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility.").

The Amended Complaint does not satisfy these requirements with respect to AOL Inc.

## I.     The Amended Complaint Does Not Allege Any Infringement by AOL Inc.

Plaintiff claims that AOL Inc. directly infringes the Asserted Patents. Am. Compl. ¶¶ 21, 29. However, the Amended Complaint does not identify any AOL Inc. "activity or device [that] is being accused of infringement." *K-Tech*, 717 F.3d at 1284. The Amended Complaint refers only to alleged activities of AOL Advertising—*i.e.*, "selling ad space to e-commerce merchants via a system and a method which combine an interactive competitive activity and interactive bidding, at least as described in Exhibit C." Am. Compl. ¶ 18.

Accordingly, the Amended Complaint fails to adequately allege that AOL Inc. directly infringes the Asserted Patents. As the Federal Circuit has held, both Rule 8 and Form 18 require "a potential infringer be placed on notice of what activity or device is being accused of infringement." *K-Tech*, 717 F.3d at 1284. Because the Amended Complaint fails to place AOL Inc. on notice that any of *its* activities allegedly infringe the Asserted Patents, Plaintiff has not stated a claim against AOL Inc. *See Andrulis Pharms. Corp. v. Celgene Corp.*, No. 13-CV-1644-RGA, 2014 WL 1572906, at *1 & n.1 (D. Del. Apr. 10, 2014) (holding that the complaint's factual allegations did not support a conclusory allegation of direct infringement).

## II.    The Amended Complaint Does Not Allege Any Basis to Hold AOL Inc. Liable for the Alleged Infringement of Its Subsidiary.

Plaintiff alleges that AOL Inc. infringes "*through* its wholly owned subsidiary AOL Advertising." Am. Compl. ¶ 18 (emphasis added). This fails to state a claim.

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotations omitted). "[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001). In light of this fundamental principle, courts regularly dismiss claims against corporate parents when the only factual allegations are directed toward subsidiaries. *See, e.g., Gevo, Inc. v. Butamax (TM) Advanced Biofuels*, C.A. No. 12-CV-1724, 2013 WL 3381258, at *3 (D. Del. July 8, 2013) (dismissing claim of patent infringement against parent company where infringement allegations were directed to subsidiaries); *Via Vadis, LLC v. Skype, Inc.*, C.A. No. 11-507-RGA, 2012 WL 2789733, at *1 (D. Del. July 6, 2012) (where there is no substantive reference to the parent in the complaint, a motion to dismiss should be granted); *Parejas v. Gen. Elec. Capital Servs., Inc.*, No. 10-CV-3348, 2011 WL 2635778, at *1 (E.D.N.Y. July 5, 2011); *Black v. JP Morgan Chase & Co.*, No. 10-CV-848, 2011 WL 4102802, at *31 (W.D. Pa. Aug. 10, 2011); *Boykin Anchor Co.v. AT&T Corp.*, No. 10-CV-591, 2011 WL 14556388, at *4 (E.D.N.C. Apr. 14, 2011); *MM Arizona Holdings LLC v. Bonanno*, No. 08 Civ. 5353, 2008 WL 5203691, at *2 (S.D.N.Y. Dec. 10, 2008).

In this case, the infringement allegations are directed to the subsidiary, AOL Advertising. Am. Compl. ¶ 18. The Amended Complaint fails to identify any legal theory under which AOL Inc. could be liable for AOL Advertising's alleged infringement. Nor does the Amended Complaint contain any of the requisite factual allegations to support such a theory. *See Gevo*, 2013 WL 3381258, at *3 ("Gevo has asserted no underlying facts supporting its conclusory allegation of control; therefore, the court is not obligated to accept as true the proposition that BP

4

controls the activities of its subsidiary defendants or the activities of any business ventures owned by the subsidiaries."). Thus, AOL Inc. should be dismissed from this case.

**III.  In the Alternative, the Allegation of Willful Infringement Should Be Dismissed.**

In the alternative, AOL Inc. moves to dismiss the claim of willful infringement for the reasons set forth in AOL Advertising's Memorandum of Law in Support of Its Motion to Dismiss, which is fully incorporated herein.

**CONCLUSION**

The Amended Complaint neither identifies any alleged infringement by AOL Inc. nor pleads any theory by which AOL Inc. could be liable for the acts of its subsidiary. Accordingly, AOL Inc.'s Motion to Dismiss should be granted, and Plaintiff's claims against AOL Inc. should be dismissed.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

George F. Pappas
Peter A. Swanson
Sangjoon Han
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 662-6000

By:  _/s/ Richard L. Horwitz_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Erich W. Struble (#5394)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
estruble@potteranderson.com

Dated: June 13, 2014
1155982/ 41363

_Attorneys for Defendant AOL Inc._

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 13, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 13, 2014, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Sara E. Bussiere
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Scott M. Daniels
Darrin A. Auito
WESTERMAN HATTORI DANIELS &
ADRIAN
1250 Connecticut Avenue, NW
Suite 700
Washington, D.C. 20036
sdaniels@whda.com
dauito@whda.com

By:  /s/ Richard L. Horwitz
     Richard L. Horwitz
     David E. Moore
     Erich W. Struble
     POTTER ANDERSON & CORROON LLP
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     estruble@potteranderson.com

1150836/41363