# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRICEPLAY.COM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 14-92-RGA ) |
| AOL ADVERTISING, INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT AOL ADVERTISING'S MOTION TO DISMISS

OF COUNSEL:

George F. Pappas
Peter A. Swanson
Sangjoon Han
Thomas L. Cubbage, III
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 662-6000

Dated: July 28, 2014
1160673 / 41363

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant AOL Advertising, Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

A.      The Supreme Court's *Alice* Decision ................................................................... 4

B.      The Asserted Patents in This Case Are Not Patent Eligible. ............................. 5

      1.      The Price Calculation Scheme of the Asserted Patents Is an Unpatentable Abstract Idea. ............................................................................................ 6

      2.      The Asserted Claims Contain No Inventive Concept. ........................... 7

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alice Corp. v. CLS Bank International*,
   134 S. Ct. 2347 (2014) .................................................................................................*passim*

*Bancorp Servs. v. Sun Life Assurance Co. of Can.*,
   687 F.3d 1266 (Fed. Cir. 2012).............................................................................................6

*Bilski v. Kappos*,
   561 U.S. 593 (2010) ......................................................................................................4, 5, 6

*CLS Bank Int'l. v. Alice Corp. Pty. Ltd.*,
   717 F.3d 1269 (Fed. Cir. 2013) (en banc) ............................................................................8

*Cyberfone Sys., LLC v. CNN Interactive Group, Inc.*,
   558 Fed. Appx. 988, (Fed. Cir. 2014) ...................................................................................7

*CyberSource Corp. v. Retail Decisions, Inc.*,
   654 F.3d 1366 (Fed. Cir. 2011)..............................................................................................6

*Dealertrack, Inc. v. Huber*,
   674 F.3d 1315 (Fed. Cir. 2012)..............................................................................................6

*Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
   No. 2013-1600, 2014 WL 3377201 (Fed. Cir. July 11, 2014)...............................................7

*Fort Props., Inc. v. Am. Master Lease LLC*,
   671 F.3d 1317 (Fed. Cir. 2012)..............................................................................................6

*In re Roslin Institute (Edinburgh)*,
   750 F.3d 1333 (Fed. Cir. 2014)..............................................................................................3

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
   132 S. Ct. 1289 (2012) ............................................................................................... 4, 5, 7, 8

*Morrow v. Balaski*,
   719 F.3d 160 (3d Cir. 2013) ...................................................................................................3

*UbiComm, LLC v. Zappos IP, Inc.*,
   C.A. No. 13-1029-RGA, 2013 WL 6019203 (D. Del. Nov. 13, 2013) ...................................3

**STATUTES**

35 U.S.C. § 101.......................................................................................................................1, 4, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6)..................................................................................2, 3

## INTRODUCTION

The Supreme Court's recent decision in *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014), makes it crystal clear that Plaintiff has no claim for relief in this patent infringement action because the asserted patents are, on their face, unpatentable as a matter of law. The two patents-in-suit, U.S. Patent Nos. 8,050,982 and 8,494,917 (collectively, the "Asserted Patents"), claim the concept of pricing a product based on the buyer's participation in an activity, such as a video game. This concept is an abstract idea (and a very old one at that) that is not patentable under 35 U.S.C. § 101.

In *Alice*, the Supreme Court unanimously rejected patents directed to a similarly abstract idea—intermediated settlement, which involves the use of a third party to reduce the risk in settling a financial transaction. 134 S. Ct. at 2356. The Court held that tying this abstract idea to a computer was insufficient to render the patents eligible under Section 101: "[T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 2358.

The Asserted Patents in this case cannot survive in light of *Alice*. The price-setting concept of the Asserted Patents is an even simpler abstract idea than the concept of intermediated settlement. The Asserted Patents add no inventive concept to this abstract idea; the claims merely tie the use of the idea to a network. Just as in *Alice*, such an "addition cannot impart patent eligibility." *Id.*

Because the Asserted Patents do not cover patentable subject matter, Plaintiff's Second Amended Complaint fails to state a claim for relief. Thus, AOL Advertising respectfully

requests that the Court dismiss the Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## BACKGROUND

The Asserted Patents speak for themselves. The purported invention is "a business model used to determine the price of goods and/or services." U.S. Patent No. 8,050,982 (D.I. 1-1) (hereinafter, "the '982 patent") at 2:23–25. "[S]ellers offer a product or service within a specified price range, and buyers enter into a contract to buy the product or service within that price range. The ultimate price (within the range) is determined based upon the buyer's performance rating, or score, which the buyer receives from participating in a collateral activity." *Id.* at 2:28–34. "The activity may be a video game (including audio/visual games), electronic board game, crossword puzzle or other word game, sports bet, card game, or any other activity or combination of activities . . . ." U.S. Patent No. 8,494,917 (D.I. 1-2) (hereinafter, "the '917 patent") at 2:36–39.

The Second Amended Complaint alleges infringement of claims 1 and 7 of the '982 patent and claims 1, 7, and 13 of the '917 patent (collectively, the "Asserted Claims"). Second Amended Complaint (D.I. 22) ¶¶ 20, 26. These claims recite the idea of calculating the price of a product in an auction based in part on the buyer's participation in either an "intermediary

---

[1] Plaintiff brought this case against AOL Inc., the parent of AOL Advertising, even though the infringement allegations are directed to the latter. D.I. 1. Before AOL Inc. responded to the original Complaint, Plaintiff filed an amended complaint, adding AOL Advertising as a defendant. D.I. 7. AOL Inc. moved to dismiss for failure to state a claim against it, and AOL Advertising moved to dismiss Plaintiff's allegation of willful infringement for failure to state a claim. D.I. 12, 15. Rather than respond to these motions, Plaintiff filed the Second Amended Complaint, dropping all claims against AOL Inc. and abandoning Plaintiff's claim of willful infringement against AOL Advertising. D.I. 22.

activity" (the '917 patent) or a "competitive activity" (the '982 patent).  Claim 13 of the '917 patent is illustrative:

> A method of calculating a sale price in an auction over a global communications network, said method comprising:
>
> receiving data from a buyer representing participation in an intermediary activity;
>
> receiving data from the buyer representing at least one bid for a product;
>
> assigning a score at least partially based on the buyer's participation in the intermediary activity;
>
> calculating the sale price using a price determining algorithm via at least one computer server, wherein the sale price is at least partially dependent on the score and the at least one bid.

'917 patent at 12:18–29.

In each of the Asserted Claims, the price calculation method is implemented across a "global communication network."  The only other non-abstract elements mentioned in the claims are a "computer server," an "operation controller computer," and "programmable databases."  *E.g.*, '982 patent, claim 7; '917 patent, claim 1.  The claims do not purport to improve computers or networks.  At most, they describe a price calculation scheme implemented on a network.

## ARGUMENT

For more than a century, the law has barred patents on abstract ideas.  *See Alice*, 134 S. Ct. at 2354.  The question of whether a patent is directed to ineligible subject matter, such as an abstract idea, presents an issue of law.  *See In re Roslin Institute (Edinburgh)*, 750 F.3d 1333, 1335 (Fed. Cir. 2014).  Thus, a complaint for patent infringement can be dismissed under Rule 12(b)(6) where, viewing the patent claims in the light most favorable to the plaintiff, the claims do not cover patentable subject matter.  *See, e.g.*, *UbiComm, LLC v. Zappos IP, Inc.*, C.A. No. 13-1029-RGA, 2013 WL 6019203, at *3-6 (D. Del. Nov. 13, 2013); *see also Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) ("Under Rule 12(b)(6), a motion to dismiss may be granted

3

only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility.").

### A.     The Supreme Court's *Alice* Decision

The Supreme Court's recent decision in *Alice* dooms the Asserted Patents in this case. The *Alice* Court rejected under Section 101 patents that claimed the use of a third-party intermediary to reduce the risk involved in a financial transaction.  *See Alice*, 134 S. Ct. at 2352. The Court analyzed the eligibility of the patents using the two-part test from the Court's earlier decision in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012):

> First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts. . . .  If so, we then ask, what else is there in the claims before us? . . . To answer that question, we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application. . . .  We have described step two of this analysis as a search for an "inventive concept"—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.

*Alice*, 134 S. Ct. at 2355 (citing *Mayo*, 132 S. Ct. at 1294, 1296–98) (internal citations and quotation marks omitted).

Undertaking the first step of the analysis, the Court concluded that the patents at issue claimed an abstract idea—namely, "the concept of intermediated settlement, *i.e.*, the use of a third party to mitigate settlement risk."  *Id.* at 2356.  The Court explained that this financial concept, like the concept of risk hedging in *Bilski v. Kappos*, 561 U.S. 593 (2010), was "squarely within the realm of 'abstract ideas.'"  *Id.* at 2357 (citing *Bilski*, 561 U.S. at 599).

In the second step of the analysis, the Court determined that the elements of the claims did not contain "an inventive concept sufficient to transform the abstract idea into a patent-eligible application."  *Id.* (citing *Mayo*, 132 S. Ct. at 1294, 1298) (internal quotation marks

4

omitted). Key here, the Court held that the "mere recitation of a generic computer" did not add an inventive concept. *Id.* at 2358. "If a patent's recitation of a computer amounts to a mere instruction to 'implemen[t]' an abstract idea 'on . . . a computer,' . . . that addition cannot impart patent eligibility." *Id.* (quoting *Mayo*, 132 S. Ct. at 1301).

As for the individual claim elements in *Alice*, "the function performed by the computer at each step of the process [was] purely conventional." *Id.* at 2359 (citing *Mayo*, 132 S. Ct. at 1298) (internal quotation marks omitted). Moreover, viewing the individual claim elements as an "ordered combination" added nothing to the individually unpatentable elements of an abstract idea and a generic computer. *Id.* The patents did not "purport to improve the functioning of the computer itself," nor did they "effect an improvement in any other technology or technical field." *Id.* Likewise, the system claims did no more than describe purely functional and generic hardware, *e.g.*, a "data processing system" with a "communications controller" and "data storage unit." *Id.* at 2360. None of this hardware offered a meaningful limitation beyond linking the method to a particular technological environment, *i.e.*, "implementation via computers." *Id.*

**B. The Asserted Patents in This Case Are Not Patent Eligible.**

The present case is indistinguishable from *Alice*. As was the case in *Alice*, the Asserted Patents are drawn to an abstract idea—namely, the concept of setting a price based on the buyer's participation in an activity. Nothing in the patent claims, even when viewed in the light most favorable to Plaintiff, reflects any inventive concept that transforms this idea into a patentable invention. Simply put, the Asserted Patents—if upheld—"would effectively grant a monopoly over [the] abstract idea" itself. *Bilski*, 561 U.S. at 611–12.

### 1.     The Price Calculation Scheme of the Asserted Patents Is an Unpatentable Abstract Idea.

The Asserted Patents are at least as abstract as the patents in *Alice*. On their face, the claims of the Asserted Patents are directed to the concept of setting the price of a product in an auction. *See, e.g.*, '917 patent at 11:33–34 (claiming "[a] system configured to determine the winning price in an auction"). The claims require the price to be determined in part by the buyer's participation in an "activity." *E.g.*, *id.* at 11:42–43. The specification explains that this scheme *is* the purported invention: "The present invention relates generally to systems and methods of doing business over a global communications network such as the Internet, and more particularly to systems and methods wherein various forms of competition and/or entertainment are used to determine transaction prices between buyers and sellers." '982 patent at 1:19–21.

Supreme Court and Federal Circuit precedent establish that the price-setting concept of the Asserted Patents is an unpatentable abstract idea. In *Alice* and *Bilski*, the Supreme Court held that the financial transactions at issue, intermediated settlement and risk hedging, were abstract ideas. *See Alice*, 134 S. Ct. at 2357; *Bilski*, 561 U.S. at 599. Likewise, the Federal Circuit has rejected several similar financial concepts—including tax-free property exchanges, administration of life insurance policy values, applications for credit, and verification of credit card transactions—as abstract ideas. *See Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1318, 1322–23 (Fed. Cir. 2012) (enabling tax-free property exchanges); *Bancorp Servs. v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1277 (Fed. Cir. 2012) (administering and tracking life insurance policy values); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1330–34 (Fed. Cir. 2012) (applying for credit); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366,

6

1367–68, 1376–77 (Fed. Cir. 2011) (verifying credit card transactions).[2] These cases make clear that the concept described in the Asserted Patents falls "squarely within the realm of 'abstract ideas.'" *Alice*, 134 S. Ct. at 2357.

### 2. The Asserted Claims Contain No Inventive Concept.

Beyond the abstract price calculation idea, the claims of the Asserted Patents include some token computer references. Thus, as in *Alice*, "the relevant question is whether the claims here do more than instruct the practitioner to implement the abstract idea of [setting prices] on a generic computer. They do not." *Id.* at 2359.

Viewing the claim limitations individually, "the function performed by the computer at each step of the process is '[p]urely conventional.'" *Id.* (quoting *Mayo*, 132 S. Ct. at 1298). Several of the claims require "communicating via a global communications network" and "receiving data." '982 patent at 12:1–20. Communications networks, such as the Internet, were in existence long before the Asserted Patents, and communicating and receiving data are the primary functions of computer networks. These functions are at least as "well-understood, routine, [and] conventional" as the steps of obtaining data, adjusting account balances, and issuing automated instructions in the patents in *Alice*. 134 S. Ct. at 2359. Likewise, the use of a computer to assign a score based on the buyer's participation in the activity and to calculate a sales price are some "of the most basic functions of a computer." *Id.* "In short, each step does no more than require a generic computer to perform generic computer functions." *Id.*

---

[2] *See also Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, No. 2013-1600, 2014 WL 3377201, at *5 (Fed. Cir. July 11, 2014) (gathering and combining data); *Cyberfone Sys., LLC v. CNN Interactive Group, Inc.*, 558 Fed. Appx. 988, 992 (Fed. Cir. 2014) (unpublished) (categorical data storage).

Nor does the "ordered combination" of the elements of the Asserted Claims represent an "inventive concept." *Id.* (observing that the combination "add[s] nothing that is not already present when the steps are considered separately") (quoting *Mayo*, 132 S. Ct. at 1298). Viewed as a whole, the Asserted Claims simply recite the concept of setting prices based on the buyer's participation in an activity, as performed on a network. There is no suggestion that the Asserted Patents improve the functioning of the network itself. *See id.* "Nor do they effect an improvement in any other technology or technical field." *Id.* Instead, the Asserted Claims "amount to 'nothing significantly more' than an instruction to apply the abstract idea of [setting prices] using some unspecific, generic [communications network]." *Id.* (quoting *Mayo*, 132 S. Ct. at 1298). That is not enough to transform an abstract idea into a patent-eligible invention. *See id.* at 2360.

As was the case in *Alice*, there are no relevant differences between the method claims and the system claims. The latter merely add the limitation of "programmable databases," but this is a "purely functional and generic" limitation. *Id.* It does not "offer[] a meaningful limitation beyond generally linking the use of the method to a particular technological environment, that is, implementation via computers." *Id.* (citing *CLS Bank Int'l. v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1291 (Fed. Cir. 2013) (en banc)) (internal citations and quotation marks omitted). Because the system claims of the Asserted Patents add nothing of substance to the underlying abstract idea, they too are patent ineligible under Section 101.[3]

---

[3] While the Second Amended Complaint does not allege infringement of any dependent claims, those claims would fare no better under *Alice*. The dependent claims only add limitations concerning the abstract idea itself (*i.e.*, the determination of the price) or trivial computer limitations. *See, e.g.*, '917 patent (D.I. 1-2), claim 2 ("The system of claim 1, further configured to assign the score at least partially on a second participant's participation in the intermediary activity"); *id.*, claim 5 ("The system of claim 1, further comprising at least one processor").

8

## CONCLUSION

For the reasons set forth above, AOL Advertising's Motion to Dismiss should be granted, and the Second Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

George F. Pappas
Peter A. Swanson
Sangjoon Han
Thomas L. Cubbage, III
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 662-6000

Dated: July 28, 2014
1160673 / 41363

By: _/s/ David E. Moore_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant AOL Advertising, Inc.*

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 28, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 28, 2014, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>Vanessa R. Tiradentes<br>Sara E. Bussiere<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br>sbussiere@bayardlaw.com | Scott M. Daniels<br>Darrin A. Auito<br>WESTERMAN HATTORI DANIELS & ADRIAN<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, D.C. 20036<br>sdaniels@whda.com<br>dauito@whda.com |

By:  */s/ David E. Moore*
   Richard L. Horwitz
   David E. Moore
   Bindu A. Palapura
   POTTER ANDERSON & CORROON LLP
   Tel:  (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com
   bpalapura@potteranderson.com

1150836/41363