

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

October 29, 2014

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Priceplay.com, Inc. v. AOL Advertising, Inc.*, C.A. No. 14-92-RGA

Dear Judge Andrews:

      Pursuant to Local Rule 7.1.2(b), we write on behalf of Defendant AOL Advertising, Inc. to bring to the Court's attention a recent district court decision, *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-cv-910 (E.D. Va. Oct. 24, 2014), that is pertinent to AOL Advertising's pending motion to dismiss (D.I. 27). A copy of this decision is attached as Exhibit A.

      In *Amdocs*, the court granted the defendants' Rule 12(c) motion on the ground that the four asserted patents claimed unpatentable abstract ideas. *Amdocs*, slip op. at 1. The court explained that "[a] claim directed to 'a method of organizing human activity' seems presumptively patent ineligible," *id.* at 10 (quoting *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356 (2014)), and "'appending conventional steps, specified at a high level of generality' . . . was not sufficient to make an idea patent eligible," *id.* at 7 (quoting *Alice*, 134 S. Ct. at 2357). The court added that "[t]he preempted area does not need to be broad." *Id.* at 9. Rather, "in applying the § 101 exceptions, a court must distinguish patents that claim only ideas from those which claim ideas as part of something more." *Id.*; *see also id.* at 16-17, 26.

      In the present case, Plaintiff has argued that certain non-technological claim limitations (*e.g.*, "auction" and "associated with") supply an inventive concept because they result in a narrow preempted area. As AOL has explained, however, those limitations merely describe a method of organizing human activity, conventional steps, and/or a field of use, and thus do not render the claims patentable regardless of their narrowing effect. Because the reasoning of the court in *Amdocs* is applicable to the arguments in this case, *Amdocs* is pertinent subsequent authority.

The Honorable Richard G. Andrews
October 29, 2014
Page 2

Counsel are available at the Court's convenience if Your Honor has any questions.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/1170406/41363

Enclosure

cc: Clerk of the Court (via hand delivery)
      Counsel of Record (by electronic mail)